UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CASE NO. |
| ) | |
| William D. Edgar, ) | DOCUMENT NO. 1 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Nationstar Mortgage, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

AND NOW, comes the Plaintiff, William Edgar, by counsel, Alan R. Patterson III, Andrew M. Gross and Gross & Patterson, LLC and files the within Complaint as follows.

**PRELIMINARY STATEMENT**

1. This is an action filed by Plaintiff, William Edgar ("**Edgar**") who owns a property in Verona, Allegheny County, Pennsylvania. After falling behind on his mortgage, Edgar filed a Chapter 13 Bankruptcy Petition in this U.S. Bankruptcy Court for the Western District of Pennsylvania in 2011 at case number 11-24012-GLT for a variety of reasons including saving this property.

2. This action is being maintained to address loan servicing problems, to prevent any

unlawful sale of Edgar's property and to seek damages from the Defendant for violations of the Real Estate Settlement Procedures Act, the Bankruptcy Discharge Injunction, Breach of Contract and the Breach of the Implied Covenant of Good Faith and Fair Dealing and the Intentional Infliction of Emotional Distress.

## JURISDICTION AND VENUE

3.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (Federal Question) as the causes of action arise under federal law specifically, 12 U.S.C. § 2605, 11 U.S.C. § 524, 11 U.S.C. § 1328 and 11 U.S.C. § 105.

4.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving to the claim occurred in this District.

## PARTIES

5.   The Plaintiff, William Edgar, is an individual with property located at 1001 5th Street Extension, Verona, PA 15147.

6.   Defendant, Nationstar Mortgage, LLC, ("**Nationstar**") is a limited liability company organized pursuant to the laws of the State of Texas, whose address is 8950 Cypress Waters Blvd., Coppell, TX 75019 and who was at all times relevant doing business in the Allegheny County, Pennsylvania.

## FACTS COMMON TO ALL CLAIMS

7.   Edgar purchased the property located at 1001 5th Street Extension, Verona, PA 15147 on December 21, 2001 ("**Property**").

8.   Edgar executed a Note dated May 4, 2006 in favor of First Magnus Financial Corporation, an Arizona Corporation, in the amount of $51,500.00.  The Note is attached hereto as

Exhibit "A".

9. Edgar executed a Mortgage dated May 4, 2006 in favor of First Magnus Financial Corporation and said Mortgage is of record in the Department of Real Estate of Allegheny County, Pennsylvania in Mortgage Book Volume 31943 at Page 214. The Mortgage is attached hereto as Exhibit "B".

10. The Mortgage was Assigned to Aurora Loan Services, LLC and recorded on February 17, 2011 in the Department of Real Estate of Allegheny County, Pennsylvania in Mortgage Book Volume 39175 at Page 551. A copy of the Assignment is attached hereto as Exhibit "C".

11. The Mortgage was Assigned a second time to Nationstar Mortgage, LLC and recorded on April 15, 2014 in the Department of Real Estate of Allegheny County, Pennsylvania in Mortgage Book Volume 42779 at Page 449.  A copy of the second Assignment is attached hereto as Exhibit "D".

12. Edgar began to experience financial difficulties in 2011 and fell behind on his mortgage payments on the Property.

13. On June 24, 2011, Edgar filed a Voluntary Chapter 13 Petition in the US Bankruptcy Court for the Western District of Pennsylvania at case number 11-24012-GLT. A copy of the Notice of Bankruptcy Case Filing is attached hereto as Exhibit "E".

14. An Chapter 13 Plan was filed on July 18, 2011, wherein the mortgage obligation for the Property was listed under section 3, "Long Term Continuing Debts Cured and Reinstated, and Lien (if any) Retained" with a monthly payment amount of $380.62 and a pre-petition arrears to be cured in the amount of $5,749.00.

15. Aurora Loan Services ("**Aurora**"), filed Proof of Claim number 17 ("**POC-17**") on

December 8, 2011, which reflected a Principal Balance of $51,464.75, with an arrearage amount of $7,805.52. A copy of POC-17, without attachments, is attached hereto as Exhibit "F".

16. Edgar filed Amended Chapter 13 Plans on January 27, 2012, January 18, 2014 (dismissed), January 26, 2014 and October 13, 2015 providing for the total arrearage amount of $7,805.52, to conform with Aurora's Proof of Claim, to be paid through the Plan as well as providing for the current monthly mortgage payment in the amount of $380.62. Copies of the confirmed Amended Chapter 13 Plans are attached hereto as Exhibit "G".

17. A transfer of claim is docketed in the bankruptcy matter on September 20, 2012 wherein Aurora transferred its claim to Nationstar.

18. Nationstar filed a Motion to Substitute Counsel dated June 13, 2014 and a Notice of Appearance and Request for Notice on June 30, 2014.

19. All filings were electronically noticed to Aurora at multiple email addresses and electronically mailed to Nationstar as of the September 20, 2012 filing with Nationstar being noticed at multiple email addresses after the June 30, 2014 filing. Copies of Notices of Electronic filings evidencing Aurora's and Nationstar's receipts of bankruptcy filings are attached hereto as Exhibit "H".

20. All Amended Plans were confirmed by Orders dated May 24, 2012, March 19, 2014 and January 19, 2016 respectively. Copies of the Conformation Orders are attached as Exhibit "I".

21. Edgar made all of his required plan payments with a final payment made in June of 2016. Copies of all payments made to Nationstar by Ronda Winnecour, Chapter 13 Trustee for the Western District of Pennsylvania, for both the post-petition mortgage payment and payment on the arrears are attached hereto as Exhibit "J".

22. The Office of the Chapter 13 Trustee disbursed a final payment to Nationstar on July 26, 2016 for the August 2016 payment due.

23. An Order discharging Debtor was issued on November 17, 2016. A copy of the Discharge Order is attached hereto at Exhibit "K".

24. Edgar was relieved and gratified to have successfully completed his Chapter 13 Plan and to having achieved current status on his mortgage with Nationstar and to get his fresh start.

25. Once the final payment was made, Edgar resumed regular payments to Nationstar by making the next five (5) payments for payments due for September, October, November and December 2016 and for January of 2017. Nationstar accepted all of Edgar's payments.

26. Nationstar sent Edgar, unsolicited, a correspondence and a HAMP loan modification agreement on November 10, 2016. Copies of the November 10, 2016 correspondence and HAMP loan modification agreement are attached hereto as Exhibit "L".

27. The HAMP agreement reflected a new principal balance of $58,304.09 which included an amount listed as, "New Money" of $6,839.34.

28. The HAMP Agreement specifically states that it modifies a mortgage for the Property located at 1001 5th Street Extension, Verona, PA 15147.

29. The Loan Modification Agreement inexplicably raises the principal balance due under the modified Note and Mortgage to $58,304.09 notwithstanding the fact that 1) the original principal balance of the Note was $51,500.00, 2) when Aurora filed its Proof of Claim on September 17, 2011 it listed the principal balance as $51,464.75 and, 3) Edgar paid all prepetition arrears and all post-petition payments for the 60 month plan period.

30. Edgar sent a letter to Nationstar on January 9, 2017, which disputed the $6,839.34 amount and/or adjustment to the principal balance. Said letter serves as a Notice of Error and Qualified Written Request under RESPA and a copy is attached hereto and incorporated herein as Exhibit "M".

31. Nationstar timely responded to the letter by letter dated January 13, 2017, and stated a response would be provided no later than January 24, 2017.

32. Nationstar responded to the notice of error letter on January 25, 2017, failing to correct the account and stating that there is a delinquent balance on the account of $7,315.72. Copies of the January 13 and January 25, 2017 letters are attached hereto as Exhibit "N".

33. Nationstar has set up Edgar on a path for failure which will ultimately result in the foreclosure of his property by attempting to add $6,839.34 onto his principal balance which he did not and does not owe.

## COUNT I

**VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") 12 USC § 1605**

34. Paragraphs 1 through 33 of Edgar's Complaint are hereby incorporated by reference as though set forth at length herein.

35. The January 25, 2017 Nationstar letter attempts to explain how the plan payments were applied stating that, "as of December 15, 2016, the account was due for November 1, 2015 after your payments were applied, which occurred on January 20, 2017.

36. At no time during the bankruptcy term did Nationstar file either a Notice of Mortgage Payment Change or a Notice of Fees, Expenses or Charges to add any escrow payments or charges onto Edgar's account or take any other action to change the amount of the

monthly payment or pre-petition mortgage arrears as set forth in the Proof of Claim filed by Aurora.

37. Upon written request by Edgar to remove the principal account adjustment of $$6,804.09, Nationstar failed to make the appropriate corrections to Edgar's account and, instead, increased this amount to $7,315.72.

38. As a direct and proximate result of Nationstar's actions, Edgar has suffered economic and emotional damages, including but not limited to the loss of real and personal property, the loss of equity in his property, and stress, embarrassment and humiliation.

**WHEREFORE**, Edgar respectfully prays that judgment be entered against Nationstar by this Honorable Court for the following:

a) Declaratory judgment that Nationstar's conduct violated RESPA;

b) Actual damages pursuant to 15 U.S.C. § 12 U.S.C. 2605(f)(1)(A);

c) Attorney's Fees; and

d) Any other relief that this Court deems to be just and proper.

## COUNT II

### VIOLATION OF THE DISCHARGE INJUNCTION

39. Paragraphs 1 through 38 of Edgar's Complaint are hereby incorporated by reference as though set forth at length herein.

40. Edgar made all of his required plan payments with his final payment being made in June of 2016 and the Chapter 13 Trustee made all of Edgar's post petition payments to Nationstar through August of 2016.

41. Edgar resumed the monthly payments to Nationstar at the conclusion of the plan.

42. Nationstar accepted payments through the end of the plan from Trustee Winnecour and then from Edgar through January 2017.

43. Nationstar sent the HAMP document on November 10, 2016 (Exhibit "L") and only after Edgar refused to accept the proposed loan modification did Nationstar refuse to accept any more payments from Edgar.

44. Nationstar knew of the bankruptcy filing, accepted all payments through the bankruptcy plan yet has ignored the resulting discharge Order to which Edgar is entitled pursuant to the Federal rules and Federal order generated as a result of the bankruptcy filing.

45. Nationstar's attempts to collect amounts that it is not entitled to and its actions are in violation of the bankruptcy discharge injunction and Edgar has been harmed as a result.

**WHEREFORE**, Edgar respectfully prays that judgment be entered against Nationstar by this Honorable Court for the following:

    a) Declaratory judgment that Nationstar's conduct violated the discharge injunction;

    b) Actual damages;

    c) Attorney's fees; and

    d) Any other relief that this Court deems to be just and proper.

## COUNT III

### BREACH OF CONTRACT/BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

46. Paragraphs 1 through 45 of Edgar's Complaint are hereby incorporated by reference as though set forth at length herein.

47. Edgar's relationship with Nationstar is governed by the Note and Mortgage that he executed and that were assigned to Nationstar.

48. In Pennsylvania, good faith is an element of every contract pertaining to loan documents such as mortgages and notes. All such contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit-not merely the letter-of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain, abusing the power to specify terms, and exercising contractual discretion in a bad-faith or unreasonable.

49. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes its conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of power to specify terms, and interference with or failure to cooperate in the other party's performance.

50. Nationstar has breached the covenant of good faith and fair dealing in the Mortgage and Note by not abiding by the terms of those documents as applied to Edgar, including an abuse of power to specify terms and interfering with or failure to cooperate with Edgar's performance.

51. Edgar has performed all, or substantially all, of the obligations imposed under the Note and Mortgage by successfully completing his Chapter 13 Bankruptcy Plan and being current with his mortgage as of the final payment through the plan on or about July 2016 and additionally through the last payment received by Nationstar in January of 2017.

52. Edgar has suffered damages by Nationstar's breach of the covenant of good faith

and fair dealing.

53. The Note provides that "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder".

54. The Note also provided that the borrower "will pay principal and interest by making a payment every month. [and further that]…[e]ach monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal….[and that borrower] will make my monthly payments at …or a different place if required by the Note Holder."

55. The Note further provides "If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be 5.000% of my overdue payment of principal and interest.  I will pay this late charge promptly but only once on each late payment."

56. The Mortgage securing the Note states "all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal balance due under the Note; (c) amounts due under section 3.  Such payments should be applied to each Periodic Payment in the order in which it became due.  Any remaining amounts shall be first applied to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note."

57. The Mortgage further states "If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge.  If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full.

To the extent that any excess exists after the payment is applied to the full payment or one or more Periodic Payments, such excess may be applied to any late charge due."

58. As alleged herein, Edgar was current on his Note as of the completion of his bankruptcy plan and when he received his discharge.

59. Upon information and belief, Nationstar has assessed charges to the principal balance as evidenced in the HAMP and correspondence which are not due.

60. As a direct and proximate result of Nationstar's actions, Edgar has suffered actual and consequential damages including economic and emotional damages, loss of real and personal property, the loss of equity in his property, stress, embarrassment and humiliation.

**WHEREFORE,** Edgar respectfully prays that judgment be entered against Nationstar for actual, compensatory, punitive damages, and attorney's fees and injunctive relief and/or a restraining order preventing the sale of his property and any other relief that this court deems to be just and proper.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Paragraphs 1 through 60 of Edgar's Complaint are hereby incorporated by reference as though set forth at length herein.

62. Nationstar knew or should have known that its actions of attempting to collect on a debt that Edgar does not owe would result in serious emotional distress are so extreme and outrageous that they went beyond the bounds of decency and can be completely considered completely intolerable in a civilized society.

63. Nationstar's actions have proximately caused psychological injury to Edgar in the

form of severe humiliation, distress and anxiety.

64. The psychological harm which Edgar has suffered is of a nature that no reasonable person could be expected to endure.

WHEREFORE, Edgar respectfully prays that judgment be entered against Nationstar for appropriate equitable relief, actual and punitive damages, reasonable attorney's fees, costs and such other relief s the Court deems equitable and just.

Respectfully submitted,

/s/Alan R. Patterson, III
Alan R. Patterson III
Gross & Patterson, LLC
428 Forbes Avenue, Suite 103
Pittsburgh, PA 15219
alan.pattersonlaw@grosspatterson.com
(412) 281-2928
PA ID No.: 79798

/s/ Andrew M. Gross
Andrew M. Gross
PA ID No. 59912
Gross & Patterson, LLC
428 Forbes Avenue, Suite 103
Pittsburgh, PA 15219
andrew.gross@grosspatterson.com
412-553-0140